RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0776-MR

JAMES TAYLOR                                              APPELLANT

v.                      APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 19-CR-00184

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  James Taylor ("Appellant") appeals from a final judgment and sentence of imprisonment of the Fayette Circuit Court reflecting a conditional plea of guilty to cocaine possession, tampering with physical evidence, and persistent felony offender charges.  He argues that the circuit court erred in

denying his motion to suppress evidence wrongfully obtained by the police. For the reasons addressed below, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

At approximately 1:20 a.m. on November 23, 2018, Lexington police officers Andrew Schickler and Cole Phillips were patrolling what they described as a known narcotics area near a Thornton's gas station in Lexington, Kentucky. The officers observed Appellant, who was wearing a backpack, walk out of the Thornton's and get into a Ford Explorer. The vehicle was driven by Madeline Montgomery. Nathan Russell was sitting in the front passenger seat. Appellant got into the back seat, and the vehicle drove away from the Thornton's property.

Officers Schickler and Phillips were suspicious of Appellant, in part because of his backpack, and followed Montgomery's vehicle. After observing the vehicle commit three traffic violations, Schickler turned on his blue lights and stopped the vehicle. Schickler and Phillips both approached the car on the passenger side. The windows on the vehicle were heavily tinted and would not roll down. Russell opened the door on the front seat passenger side of the vehicle, and he began talking to Schickler. Phillips would later testify that Taylor opened the back seat door, though Taylor would say that Phillips opened it. Phillips remained at the vehicle and made small talk with its occupants, while Schickler returned to his police vehicle to run the occupants' information through his computer.

-2-

Phillips then shined his flashlight inside the vehicle and observed a red baggie at Taylor's feet that he immediately recognized as containing narcotics. The baggie appeared to have drug residue on it. Phillips removed all three persons from the vehicle and asked them who owned the baggie. None of the occupants would admit to owning the baggie. The officers then searched the inside of the vehicle, including Taylor's backpack. Inside the backpack they found scales and baggies. On Taylor's person they located methamphetamine, cash, and two cell phones. What is described in the record as a criminal planning manifesto with robbery plans and a black mask were found next to where Taylor was sitting in the vehicle.

The officers arrested Taylor. He was taken to the police station where he indicated that he needed to use the restroom. Accompanied by police, Taylor went into the bathroom and began to manipulate something in his buttocks area. An officer searched the back of Taylor's pants and found pills and 5.68 grams of crack cocaine.

Taylor was charged with trafficking in a controlled substance, tampering with physical evidence, two counts of possession of a controlled substance, possession of drug paraphernalia, and being a persistent felony offender

in the second degree.[1] Taylor subsequently moved to suppress the admission of the baggie found in the vehicle near Taylor's feet and other evidence found in the backpack and on Taylor's person. In support of the motion, Taylor, through counsel, argued that Officer Phillips had no lawful authority to open the back door of Montgomery's vehicle, and but for that unlawful act, the baggie would not have been in plain sight. Further, Taylor argued that because Phillips' observation of the baggie was the basis for the search of Taylor's backpack and person, the baggie and other evidence were inadmissible.

A hearing on the motion was conducted on May 23, 2019, after which the Fayette Circuit Court entered an order denying the relief sought. The court determined in relevant part that: 1) the traffic violations formed a sufficient basis for an investigatory stop; 2) irrespective of whether Taylor or Officer Phillips opened the door it was reasonable for Phillips to be standing on the passenger side of the vehicle away from the traffic flow; and 3) because the windows were heavily tinted and would not roll down, it was reasonable for the doors to be open for the officers' safety. Further, the court found that the incriminating nature of the baggie with drug residue rendered the subsequent search of the vehicle, including Taylor's backpack, constitutionally permissible.

---

[1] Kentucky Revised Statutes ("KRS") 218A.1412; KRS 524.100; KRS 218A.1415; KRS 532.080(2).

Thereafter, Taylor accepted a plea offer on one count of possession of a controlled substance, first degree, tampering with physical evidence, and persistent felony offender, second degree. As part of the plea, Taylor retained the right to appeal the denial of his motion to suppress. In exchange for the plea to the reduced charges, the Commonwealth recommended a total sentence of five years in prison. The recommended sentence was accepted by the circuit court, and this appeal followed.

## ARGUMENT AND ANALYSIS

Taylor argues that the Fayette Circuit Court committed reversible error in failing to suppress the evidence of his guilt including the red baggie, scales and other baggies found in the backpack, and the items found on his person. While acknowledging that Officer Phillips may have been justified in shining his flashlight into the vehicle, Taylor argues that Phillips was not justified in opening the rear passenger door. Taylor argues that without opening the door, Officer Phillips would not have been able to see the red baggie and, without that observation, the search of the backpack and Taylor's person would not have occurred. Taylor contends that the true purpose of the vehicle stop was to search his backpack and person, and Phillips found a way to effectuate that purpose by unlawfully opening the back door. Taylor asserts that the evidence of criminality is fruit of the poisonous tree and thus not admissible in court. As the Fayette

Circuit Court erred in failing to so rule, Taylor argues that the order denying his motion to suppress must be reversed.

The plain view doctrine is an exception to the Fourth Amendment's warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971). The plain view doctrine applies when a law enforcement officer is lawfully at the place where the evidence can be plainly viewed; he has a lawful right to access the object itself; and, the object's incriminating character is immediately apparent. *Hazel v. Commonwealth*, 833 S.W.2d 831, 833 (Ky. 1992). Taylor asserts that Officer Phillips unlawfully opened the door of the Explorer, and that, but for that unlawful action, the red baggie would not have been in plain view. The question for our consideration, then, is whether the Fayette Circuit Court properly determined that irrespective of whether Taylor or Officer Phillips opened the door, Officer Phillips was lawfully standing on the passenger side of the vehicle with the door open.

In concluding that Officer Phillips' personal safety required him to stand on the passenger side of the vehicle with the rear door open, the circuit court noted that the traffic flow on the driver's side of the vehicle was heavy on New Circle Road. The court also found that the vehicle's windows were darkly tinted and would not roll down. The court recognized that the officers had a lawful right to ask the driver for identification, and when she was unable to produce

identification, it was reasonable to ask the passengers to produce identification. Given the totality of the circumstances, including the traffic flow on the driver's side of the vehicle, the dark windows that would not roll down, the reasonable need to identify the persons in the vehicle, and the vehicle's location in a known narcotics area after midnight, we find no error in the circuit court's conclusion that Officer Phillips was lawfully standing in the open door area from which he observed the red baggie in plain sight. This is true whether Taylor or Officer Phillips opened the door, as Phillips had no alternative but to stand in the open door area because the vehicle's windows would not roll down. Even if this were not the case, testimony was adduced that Taylor opened the door, and Officer Phillips' body camera appeared to show (though not conclusively) that the rear passenger door was locked and could not be opened from the outside.

> When reviewing a ruling on a suppression motion, we defer to the trial court's findings of fact if they are not clearly erroneous. Findings of fact are not clearly erroneous if they are supported by substantial evidence. Substantial evidence is evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men. We review the trial court's application of the law to the facts de novo.

*Commonwealth v. Jennings*, 490 S.W.3d 339, 346 (Ky. 2016) (internal quotation marks and citations omitted).

## CONCLUSION

The findings of the Fayette Circuit Court are supported by substantial evidence of record and are not clearly erroneous. As such, we defer to the circuit court's findings. The traffic violations justified the vehicle stop. The officers had no choice but to engage the vehicle's occupants through open doors because the windows were heavily tinted and would not roll down. Officer Phillips reasonably took a position on the passenger side of the vehicle away from the traffic flow on New Circle Road. As such, Officer Phillips was properly in a position to shine his flashlight inside the vehicle and observe the red baggie. Observation of the baggie then justified the additional search of Taylor's backpack and person. Given the totality of the record and the law, we find no error in the Fayette Circuit Court's denial of Taylor's motion to suppress. Accordingly, we affirm the judgment of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky